UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHALANDA GOLDEN,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

                                    /

Case No.  11-15558

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE DAVID R. GRAND

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [3] AND FINDING DEFENDANT'S MOTION TO DISMISS [2] MOOT

Before the Court is Plaintiff's Motion to Remand [3] and Defendant's Motion to Dismiss [3].  For the reasons stated below, Plaintiff's Motion to Remand this case to state court is GRANTED.  Defendant's Motion to Dismiss is therefore MOOT.

### I. Procedural History

Plaintiff filed this action in Genesee County Circuit Court on November 9, 2011.  Defendant timely removed to this court December 20, 2011.  Defendant filed their Motion to Dismiss on December 21, 2011.  Plaintiff filed a Motion to Remand on January 11, 2012.

### II. Factual Background

This case concerns property located at 1116 Lafayette Street, Flint, Michigan.  Plaintiff is in possession of the property that is subject to a $114,000.00 mortgage owned by Defendant.  According to the complaint, Plaintiff, upon becoming unable to afford her mortgage payments, intended to complete a short-sale of the property.  Plaintiff contends that Defendant intentionally delayed the sale and then foreclosed on the property.  In the complaint, Plaintiff alleged that the amount-in-controversy was in excess of $25,000.00.

Defendant contends that the amount in controversy is either the balance of the loan ($103,520.13) or the price that was paid for the house at a sheriff's foreclosure sale ($118.262.87). Plaintiff argues that the amount in controversy in this case is determined by the value of the property at issue, as the property, and not the mortgage, is the "object of the litigation." *Northup*, 567 F.3d at 770. To determine fair-market value, Plaintiff presents reports detailing the selling price of similar properties within a .25 mile area of the disputed property. The selling prices of the similar properties ranged from $18,500.00 to $80,000.00, with an average sale price of $51.833.33.

## III. Analysis

### Burden of Proof

A party that invokes the jurisdiction of a federal court bears the burden of establishing that the court has subject-matter jurisdiction. *Cleveland Housing Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010). In a removal case such as this one, the defendant must demonstrate by "competent proof" that the complete-diversity and amount-in-controversy requirements are met. *Id.* Thus, the removing party must show "by a preponderance of the evidence" that the amount in controversy requirement is satisfied. *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009). Put another way, it must be "more likely than not" that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

### Determining Amount in Controversy

Defendant notes that the Sixth Circuit Court of Appeals has not spoken definitively on how to assess the amount-in-controversy in cases involving foreclosure, and acknowledges that

one approach is to examine the fair-market value of the property at issue.  Defendant argues, however, that "[o]ther courts have concluded the amount owed on the mortgage loan is controlling."  None of the cases cited by Defendant support this proposition.

The case primarily cited by Defendant, *Bobel v. Met Life Home Loans, Inc.*, 2011 WL 1831741 (E.D. Mich., May 13, 2011) (Goldsmith, J.), concerned a Plaintiff's attempt to secure a mortgage loan modification through litigation.  Thus, in *Bobel*, the "object" of the litigation was the loan itself, and not the subject property.  Moreover, the court in *Bobel* did *not* decide the question of whether the amount in controversy was to be decided by the value of the underlying property or the value of the mortgage, though the court did acknowledge that the "majority approach" was to look at the underlying value of the property.  *Id.* at *2-3.

Similarly, a second case cited by Defendant, without parenthetical explanation, to support the proposition that "courts have concluded the amount owed on the mortgage loan is controlling" actually does not conclude any such thing.  In *Meriedeth v. Mae*, 2011 WL 2456630, at *1 (E.D. Mich., June 13, 2011) (Steeh, J.) the court concluded that under either the fair-market-value or value-of-mortgage theory the amount-in-controversy requirement was met; the court did not conclude that the value of the mortgage controlled over the fair-market value.

Here, the court concludes that the object of the litigation concerns the property at issue, and not the mortgage itself.  Thus, the amount in controversy is best determined by examining the fair-market value of the property at issue, which accords with the requirement that the court measure value "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Smith v. Nationwide Prop. & Case. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007).

3

**Determining Fair-Market Value**

Defendant's theory of determining fair-market value is simple: Defendant states that the fair-market value of the property is simply the value of the property when it is sold at a sheriff's sale, in this case $118.262.87.  Some courts have used a sheriff's sale to determine fair-market value.  *See Meriedeth v. Mae*, 2011 WL 2456630, at *1 (E.D. Mich., June 13, 2011) (Steeh, J.).  However, in *Meredith* the sheriff's sale price of $303,811.66 far exceeded the amount-in-controversy requirement of $75,000.00

Fair-market value is meant to reflect the "actual" value of a thing - hence the use of the word "fair."  This means that fair market value "reflects the amount at which property would change hands between a willing [buyer] and a willing [seller], neither being under any compulsion to enter into the transaction . . . ."  *Razavi v. Comm'r of Internal Revenue*, 74 F.3d 125, 127 (6th Cir. 1996).  Fair-market value is determined by value on the open market, not by value at a foreclosure sale, as "the price which property commands at a forced sale may be hardly even a rough measure of its value."  *Gelfert v. Nat'l City Bank of New York*, 313 U.S. 221, 233 (1941).

This Court declines to use a sheriff's sale, in which the property was purchased by the very entity that owned the mortgage, as a proxy for fair-market value.  Other courts in this jurisdiction have also declined to do so.  *See McGhee v. Citimortgage, Inc.*, 2011 WL 6736472 (E.D. Mich., Dec. 19, 2011) (Lawson, J.) (determining fair-market value through comparative market analysis of sale price of similar pieces of property).  Plaintiff has presented a comparable market analysis that demonstrates that the average value of property similar to the property at issue in this case.  This analysis demonstrates that the average sale price of comparable property

is $51.833.33.   In response, Defendant offers only the price of the home at the sheriff's sale when purchased by Defendant.  Defendant has failed to rebut Plaintiff's evidence of fair-market value.  This Court cannot find that it is more likely than not that the value of the property at issue in this case exceeds $75,000.00.  Therefore, this Court lacks subject-matter jurisdiction over this case.

**ACCORDINGLY, IT IS ORDERED** that Plaintiff's Motion to Remand [3] is **GRANTED**.  This case is **REMANDED** to Genesee County Circuit Court.  Defendant's Motion to Dismiss [2] is **MOOT**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 4, 2012

_____

**CERTIFICATE OF SERVICE**

I hereby certify on April 4, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 4, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182